**No. 505**

**First Circuit**

———

**WELLINGTON STONE CO. v. THOMAS**

———

(June 28, 1929. Opinion and Decree.)

———

Burns and Pierson, of Ponchatoula, attorneys for plaintiff, appellee.

B. M. Harvard, of Hammond, attorney for defendant, appellant.

LECHE, J. Defendant bought from plaintiff through a salesman of plaintiff, one Davenport suite consisting of three pieces, a Davenport and two chairs, designed and upholstered to match.

The articles were shipped out of Chicago and when they arrived at Hammond, were delivered to defendant who paid the freight thereon, $14.85. On unpacking the furniture in his place of business, defendant discovered for the first time that his order, as he understood it, had not been properly filled, and he at once instructed his bookkeeper to write to plaintiff and inform it of that fact.

The evidence seems clear to us that defendant wanted a Davenport suite and not a settee suite and that he so understood his order when he gave it to plaintiff's salesman. It is shown by the testimony that in the New Orleans territory, a Davenport is understood to be a sofa, which, when opened, may serve as a bed, and on the other hand, it is contended that in the Chicago trade, a settee and a Davenport are ordinary sofas, and the terms settee and Davenport are interchangeable.

Be that as it may, the testimony convinces us that defendant did not get delivery of what he intended to buy, and that in making the contract there was not the aggregatio mentium necessary to constitute a valid contract of sale. Defendant bought a sofa-bed and plaintiff sent him a sofa-settee.

We do not believe that this defense was only an afterthought. Defendant did not produce copies of the first letters in which he made complaint to plaintiff, but did produce a carbon copy of a letter dated March 10, 1928, in which he reiterates the same complaint and in which he refers to the other letters previously written by him to plaintiff. The order was given about August 26, 1927, the furniture according to plaintiff's bill was shipped September 30, 1927, and according to defendant's claim for freight, was received in Hammond on October 7, 1927. The present suit was filed June 1, 1928.

There is nothing in the dates of the different events which occurred during the progress of this controversy, which might be construed as showing that the present defense is not made in good faith. Nor is there any testimony on the part of plaintiff contradicting defendant's assertions as to the complaints which he claims to have made, or as to the time when he made such complaints.

It might be said that defendant should at once, have returned the furniture to plaintiff, as soon as he discovered the error, but on the other hand, he was out of pocket $14.85 for freight and he had a right to hold the furniture until reimbursed this amount.

There is no law or equity to support defendant's other claims for hauling and storage, and they are rejected.

According to our view of the testimony the settee suite still belongs to plaintiff and plaintiff is entitled to the return of the same upon reimbursing defendant the freight charges thereon, viz: $14.85.

For these reasons the judgment of the District Court is avoided and reversed and plaintiff's demand is rejected. It is further ordered that defendant have judgment against plaintiff for $14.85, and that plaintiff pay all costs in both courts.